

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2008

# USA v. Cooper

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4954

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cooper" (2008). *2008 Decisions.* Paper 1543.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1543

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 06-4954

_____

UNITED STATES OF AMERICA

v.

ANTHONY COOPER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-045-3)
District Judge:  Honorable Yvette Kane

_____

Argued January 3, 2008

Before:  FUENTES, JORDAN, *Circuit Judges*
and DuBOIS*, *District Judge.*

(Filed: February 22, 2008)

_____

Ronald A. Krauss   [ARGUED]
Office of Federal Public Defender
100 Chestnut Street
Harrisburg, PA   17101
        *Counsel for Appellant*

_____

    *Honorable Jan E. DuBois, United States District Court Judge for the Eastern District
of Pennsylvania, sitting by designation.

William A. Behe
Theodore B. Smith, III   [ARGUED]
Office of United States Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA   17108
         *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge.*

Anthony Cooper appeals from the sentence he received following his plea of guilty to conspiracy to distribute crack cocaine and cocaine hydrochloride, sometimes called powder cocaine.  Because we find no procedural or substantive error related to Cooper's sentence, we will affirm.

I.      **Background**

Cooper pled guilty to conspiracy to distribute an unspecified amount of crack cocaine and cocaine hydrochloride, in violation of 21 U.S.C. § 846.  As a result of his guilty plea, he was subject to a maximum statutory term of imprisonment of 20 years.  *See* 21 U.S.C. §§ 846, 841(b)(1)(C).  The District Court found that Cooper was responsible for at least 3,557 grams of crack cocaine and assigned Cooper a base offense level of 38, in accordance with the version of the United States Sentencing Guidelines (the "Guidelines") in effect at the time of his sentencing.[1]  *See* U.S.S.G. § 2D1.1(c)(1)

_____

[1]The District Court had before it evidence that Cooper was responsible for an even greater amount of crack cocaine; however, the Court declined to make findings

2

(Nov. 1, 2006) (offenses involving more than 1.5 kilograms of crack cocaine are categorized at a base offense level of 38). After subtracting three levels for Cooper's acceptance of responsibility, *see* § 3E1.1, his total offense level was 35. The Court assigned Cooper seven criminal history points, including one point for his 1999 guilty plea to a charge of failing to file an earned income tax declaration in violation of a Harrisburg, Pennsylvania ordinance. *See* U.S.S.G. § 4A1.1 Cooper's seven criminal history points resulted in a criminal history category of IV. *Id.*, Ch. 5 Pt. A.

Cooper's criminal history category and total offense level yielded an advisory Guidelines range of 235 to 240 months of imprisonment. *Id.*, Ch. 5 Pt. A, Sentencing Table; § 5G1.1(c)(1). The District Court, after considering the factors set forth in 18 U.S.C. § 3553(a), sentenced Cooper to 200 months.

## II. Discussion[2]

### A. Procedural Challenges

Cooper argues that the District Court committed four different types of procedural error in determining the sentence to impose: (1) it incorrectly calculated Cooper's criminal history category under the Guidelines; (2) it improperly applied the

---

regarding that evidence because it would not have affected Cooper's base offense level. Under the version of the Guidelines in effect on the date Cooper was sentenced, any amount of crack cocaine over 1.5 kilograms resulted in a base level of 38. *See* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2006).

[2]This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We must review the sentence imposed by the District Court under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

preponderance-of-the-evidence standard in making its finding as to the quantity of drugs involved in the conspiracy; (3) it relied on the wrong version of the Guidelines; and (4) it applied the Guidelines as mandatory.

Cooper first argues that the District Court incorrectly calculated his Guidelines criminal history category by erroneously including a point for Cooper's conviction for failure to file a local earned income tax declaration, in violation of Harrisburg Ordinance § 5-707.4. The version of the Guidelines in effect on the date Cooper was sentenced provided that "local ordinance violations that are also criminal offenses under state law" should be counted in computing a defendant's criminal history category. U.S.S.G. § 4A1.2(c)(1) (Nov. 1, 2006). According to Cooper, his violation of Harrisburg Ordinance § 5-707.4 should not be counted because it is not also an offense under state law. However, 53 Pa. Stat. § 6913, a state statute, sets forth criminal penalties for failing to file a local earned income tax declaration. *See* 53 Pa. Stat. § 6913 IX(a). Accordingly, because Cooper's local ordinance violation was also a criminal offense under state law, the District Court properly counted it in calculating his criminal history category.[3]

---

[3]Cooper nevertheless argues that the Court committed procedural error in failing to specifically rule on his objection to his criminal history category. It is clear, however, from the comments of both the Court and Cooper's counsel during the sentencing hearing that the Court had considered and rejected Cooper's objection. (*See* App. 165 (Cooper's counsel stating, "The one conviction for failure to file earned income tax has actually increased his guidelines by a significant amount. I know the Court found that that one point would – that it's going to be applied ... ."); App. 161 (Cooper's counsel stating that the Court had addressed all issues in the presentence report).)

Second, Cooper argues that the District Court improperly applied a preponderance-of-the-evidence standard in making its drug quantity finding.  That same argument, however, has already been rejected by this Court.  *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (*en banc*).[4]

Third, Cooper argues that because the District Court employed the version of the Guidelines that was in effect on the day he was sentenced, and because the Guidelines were amended during the pendency of his appeal to reduce the sentencing ranges applicable to certain crack cocaine offenses, *see* U.S.S.G. Supp. to App'x C, amend. 706, the District Court's Guidelines calculation amounts to procedural error.  But, once again, that argument has already been rejected by this Court.  *United States v. Wise*, No. 06-4926, 2008 WL 361089, at *8 (3d Cir. Feb. 12, 2008).  The District Court properly calculated Cooper's Guidelines range using the version of the Guidelines that was in effect on November 21, 2006, the date he was sentenced.[5]  *See id.*

---

[4]Cooper's *pro se* supplemental brief also appears to suggest that the District Court erroneously used facts found by a preponderance of the evidence to impose a sentence higher than the maximum authorized by statute as a result of his guilty plea.  However, Cooper's guilty plea to conspiracy to distribute an unspecified amount of cocaine hydrochloride and crack cocaine subjected him to a maximum statutory term of imprisonment of 240 months, and he received a sentence 40 months below that statutory maximum.

[5]Our decision is rendered without prejudice to any right Cooper may have to pursue a reduced sentence in the District Court pursuant to § 3582(c)(2), after March 3, 2008, the proposed effective date of the Sentencing Commission policy statement authorizing sentence reductions for defendants whose Guidelines ranges were lowered by the November 1, 2007 amendment to the crack cocaine sentencing ranges.  *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008); *Wise*, 2008 WL 361089, at *9.

Fourth, Cooper asserts that the District Court erroneously treated the applicable Guidelines range for his crack cocaine offense as mandatory, in violation of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The transcript of the sentencing proceedings, however, contradicts his assertion. In responding to Cooper's argument that the Court should, in determining the sentence to impose, take into account the disparity in the Guidelines ranges for offenses involving crack cocaine compared to those for powder cocaine, the District Court stated, "I do think that the court should consider the disparity in sentencing between crack and powder cocaine and should consider the disparity in sentences between [Cooper's co-]defendants, Mr. Reina and Mr. Rosado. ... So I'm making some adjustment to the guideline range considering all of those things." (App. 175.) In light of the fact that the District Court imposed a sentence 35 months below the bottom of the applicable Guideline range after expressly considering the crack/powder cocaine disparity as part of its § 3553(a) analysis, it is impossible to take seriously Cooper's argument that the Court erroneously believed it was without discretion to sentence Cooper outside the Guidelines range on that basis.

### B.    Substantive Challenge

Cooper next argues that the sentence imposed was substantively unreasonable because the District Court failed to give sufficient weight to the crack/powder cocaine disparity and the need to avoid an unwarranted sentence disparity between Cooper and a co-defendant. We do not agree. The District Court's decision was a result of its

6

reasonable conclusion that, taking those two factors into account, a sentence 35 months below the bottom of the Guidelines range was justified. Although Cooper's supplier of crack cocaine received a lower sentence than Cooper, that defendant had a lower criminal history score and had cooperated with the government. Viewing the District Court's reasoned decision with deference, as we must, we cannot say that the sentence Cooper received amounted to an abuse of discretion.

## III. Conclusion

For the reasons set forth above, we will affirm the District Court's judgment of sentence.